UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM SLATER,**

    **Plaintiff,**

-vs-                    Case No. 6:10-cv-305-Orl-19GJK

**UNIVERSAL ENGINEERING SCIENCES,
INC., URS CORPORATION f/k/a URS Grenier
Woodward-Clyde International-Americas, Inc.,
and U.S. ARMY CORPS OF ENGINEERS,**

    **Defendants.**

_____

# ORDER

This case comes before the Court on the Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Defendant U.S. Army Corps of Engineers ("Corps"). (Doc. No. 24, filed Apr. 21, 2010.)

## Background

### I. Plaintiff's Allegations[1]

This case concerns injuries to Plaintiff William Slater allegedly caused by the emission of chemicals from the nose cup of an incendiary device ("Nose Cup") found on the grounds of Odyssey Middle School ("School"), which was built upon a former military gunnery range. (Doc. No. 2, filed Feb. 24, 2010.)

Slater asserts that the Corps located and unearthed munitions from the School grounds in late 2007 and announced on January 20, 2008, that all accessible military munitions were cleared from

---

[1] The facts presented in this Order are derived from the allegations of the Complaint. These facts are included only to provide context and should not be construed as findings of fact.

the School grounds. (*Id.* ¶¶ 25-26.) On January 27, 2008, Slater allegedly entered the School grounds to repair the School's long jump. (*Id.* ¶ 27.) Slater maintains that a co-worker picked up the Nose Cup during the repairs and that the Nose Cup "started to smoke as [the] co-worker was scraping it off." (*Id.* ¶¶ 28-29.) Slater asserts that he was injured by chemicals that emitted from the Nose Cup. (*Id.* ¶ 30.)

## II. Procedural History

On January 26, 2010, Slater filed a Complaint in the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, asserting claims of breach of fiduciary duty and negligence against Universal Engineering Sciences, Inc., URS Corporation, and the Corps. (Doc. No. 2.) On February 24, 2010, the Corps removed the case to this Court. (Doc. No. 1.) Thereafter, Slater voluntarily dismissed his claims against Universal Engineering Sciences, Inc. and URS Corporation. (Doc. Nos. 16, 20.)

On April 21, 2010, the Corps moved to dismiss the Complaint for lack of subject-matter jurisdiction. (Doc. No. 24.) As of the date of this Order, Slater has not filed a response in opposition.

## Standard of Review

Subject-matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *E.g.*, *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Id.* In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction. . . ." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant

can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to a court's subject-matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial challenge, a court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject-matter jurisdiction. *Id*. at 1529. In a factual challenge, a court must determine if it has power to hear the case. *Id*. A court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

In factual challenges, as the Eleventh Circuit has explained, "matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). However, when a factual attack also implicates an element of the cause of action, jurisdictional dismissals should be allowed "only in those cases where the federal claim is clearly immaterial or insubstantial." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). Federal claims should not be dismissed on motion for lack of subject-matter jurisdiction "when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Id.* at 1531.

**Analysis**

Slater asserts that the Corps breached its fiduciary duty and was negligent by failing to disclose that munitions likely remained on School property and by failing to recommend further testing to detect munitions. (Doc. No. 2 ¶¶ 63, 68.) The Corps argues that Slater's claims fall within the discretionary function exception to the waiver of sovereign immunity under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 2680(a). (Doc. No. 24.) The Corps' argument presents a challenge to the Court's subject-matter jurisdiction. *See U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009) ("By contending that the . . . claims are governed by the discretionary exception to the FTCA, the United States factually attacks our subject matter jurisdiction.").

Pursuant to the discretionary function exception to the FTCA, the United States does not waive its sovereign immunity for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In *United States v. Gaubert*, 499 U.S. 315 (1991), the Supreme Court set out a two-part test for determining whether the discretionary function exception applies. *U.S. Aviation Underwriters, Inc.*, 562 F.3d at 1299 (citing *Gaubert*, 499 U.S. at 322). First, a court must determine whether the challenged conduct is discretionary, meaning that it "involve[s] an element of judgment or choice." *Id.* (quoting *Gaubert*, 499 U.S. at 322). "Second, the court must decide 'whether that judgment is of the kind that the discretionary function exception was designed to shield,' i.e., whether it is 'susceptible to policy analysis.'" *Id.* (quoting *Gaubert*, 499 U.S. at 322, 325).

The Corps contends that the first element of the discretionary function exception is satisfied because there is no federal statute, regulation, or policy directing the Corps to take a particular course of action in warning about or detecting the presence of munitions. (Doc. No. 24 at 9.)

Because Slater has not identified,[2] and the Court does not find, any "federal statute, regulation, or policy [that] specifically prescribes a course of action for [the Corps] to follow" in warning about or detecting the presence of munitions, the first element of the discretionary function exception is satisfied. *Gaubert*, 499 U.S. at 322; *see also Sweet Pea Marine, Ltd.*, 411 F.3d at 1247 (noting that the plaintiff has the burden of showing subject-matter jurisdiction).

The second element, whether the Corps' judgment is susceptible to policy analysis, is also satisfied here. This element "does not require there to have been actual weighing of policy considerations." *OSI, Inc. v. United States*, 285 F.3d 947, 950-51 (11th Cir. 2007) (internal quotations omitted). Rather, "[i]f the decision is inherently one allowing discretion, [courts] presume that the act was grounded in policy whenever that discretion is employed." *Id.* at 951 (citing *Gaubert*, 499 U.S. at 324). The Corps' alleged failures to warn about the likely presence of munitions on School grounds and to recommend further testing for munitions, whether matters of deliberate choice or mere oversight,[3] are decisions susceptible to policy analysis and thus satisfy the second element of the discretionary function exception. *See Bowman v. United States*, 848 F. Supp. 979, 986 (M.D. Fla. 1994) ("The evaluation of actual or suspected hazards, and the decision to proceed in a particular manner in light of those hazards, are protected discretionary acts, and not

---

[2] In addition, Slater has not requested an opportunity to take jurisdictional discovery to determine whether the Corps was obligated to act in a particular manner under the alleged facts. *See Loughlin v. United States*, 286 F. Supp. 2d 1, 8 n.9 (D.D.C. 2003) (citing *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001) (noting the availability of jurisdictional discovery for this purpose).

[3] "If the decision to issue or not to issue a warning is within the discretionary function exception, then logically the failure to consider whether to issue one necessarily falls within the exception as well." *Bowman v. United States*, 848 F. Supp. 979, 985 (M.D. Fla. 1994) (quoting *In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 998-99 (9th Cir. 1987))); *see also id.* ("It is 'irrelevant whether the alleged failure to warn was a matter of deliberate choice or a mere oversight.'" (quoting *Allen v. United States*, 816 F.2d 1417, 1422 n.5 (10th Cir. 1987))).

subject to tort claims in the district court." (quoting *Ford v. Am. Motors Corp.*, 770 F.2d 465, 467 (5th Cir. 1985))). Finding both elements of the discretionary function exception satisfied, Slater's claims against the Corps will be dismissed for lack of subject-matter jurisdiction.

## Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Motion to Dismiss for Lack of Subject-Matter Jurisdiction by Defendant U.S. Army Corps of Engineers (Doc. No. 24) is **GRANTED**. Slater's claims against the Corps in Counts V and VI of the Complaint are **DISMISSED without prejudice**. Slater has leave to file an Amended Complaint that comports with this Order within fourteen (14) days from the date of this Order. Failure to comply with this Order will result in the dismissal of this case without prejudice and without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 1, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record